Filed 10/23/24  In re A.T. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re A.T., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083198 |
| v. | (Super.Ct.No. RIJ600101) |
| A.T., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Mark Petersen, Judge.

Appeal dismissed.

Heather E. Shallenberger, under appointment by the Court of Appeal, for

Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant A.T. (minor) appeals the Riverside County Juvenile Court's denial of his petition made pursuant to section 1172.6 of the Penal Code.[1] We dismiss.

## BACKGROUND

1. *The Circumstances Resulting in a Sustained Welfare and Institutions Code Section 602 Petition Allegation of First Degree Murder*[2]

In July 2016, minor, who was just two months shy of his 18th birthday, made plans to steal marijuana from the victim. He enlisted the participation of Cesar E., who agreed to accompany minor as a backup. Minor drove Cesar's Suzuki XL7 (SUV) to the victim's home, with Cesar in the front passenger seat. When the victim passed a bag of marijuana through the passenger side window, he reached over Cesar and handed the merchandise directly to minor, minor grabbed the bag out of the victim's hand and hit the gas. The acceleration caused the victim to fall from the SUV, which then ran the victim over, causing his death.

Minor was detained and the district attorney filed a Welfare and Institutions Code section 602 petition alleging minor committed first degree murder in violation of section 187. Minor admitted the allegation. The juvenile court declared him a ward and sentenced him to a term of 25 years to life.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] We have taken judicial notice on our own motion of the record in minor's earlier appeal in (*In re A.T.* (Mar. 30, 2022, E077876) [nonpub. opn.].)

2. *Minor's First Petition for Resentencing*

In 2018, the Legislature eliminated natural and probable consequences liability for murder and narrowed the scope of the felony-murder rule by passage of Senate Bill No. 1437, effective January 1, 2019. (Stats. 2018, ch. 1015.) The bill substantively amended sections 188 and 189 to ensure liability for murder would be limited to persons who (i) are the actual killer; (ii) are not the actual killer but, with the intent to kill, the person aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree; or (iii) are a major participant in the underlying felony and acted with reckless indifference to human life as described in section 190.2, subdivision (d). (*People v. Lewis* (2021) 11 Cal.5th 952, 957.)

On December 30, 2020, minor filed a section 1172.6 resentencing petition.[3] The juvenile court issued an order to show cause. Following a contested section 1172.6, subdivision (d) evidentiary hearing on the merits of the petition, the court found minor was the actual killer of the victim and denied the petition.

Minor appealed. His appointed appellate counsel filed a brief that did not raise any issues and minor did not respond to our invitation to submit a supplemental brief. We exercised our discretion to review the record on appeal and finding no arguable issues, we affirmed the denial of minor's petition. (*In re A.T.*, *supra*, E077876.)

---

[3]     Minor's petition was a section 1170.95 petition. That section was renumbered as section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10) and we refer to the provision using the new number.

3. *Minor's Second Section 1172.6 Resentencing Petition, which is the Subject of This Appeal*

In April 2023, minor again filed a section 1172.6 petition. The People requested summary denial of the petition on the grounds that the merits had already been fully adjudicated in the hearing on minor's first petition. At that time, he was found to be the actual killer who could still be convicted even after the changes to sections 188 and 189 that became effective on January 1, 2019.

In his reply to the People's request, minor argued reconsideration of his case was called for because a recent opinion *People v. Vang* (2022) 82 Cal.App.5th 64, 87-88 (*Vang*) held that Senate Bill No. 1437 changed the meaning of the term actual killer, and that the new meaning was reasonably susceptible to competing interpretations.

After reviewing the parties' briefing and hearing their arguments, the trial court denied minor's petition in a written opinion. It found *Vang* did not alter in any way the longstanding definition of an actual killer, that is, to be an actual killer a person must directly and *personally* kill the victim (as distinguished from killing indirectly through an intermediary). Minor appealed and we appointed counsel to represent him.

**DISCUSSION**

On appeal, minor's counsel filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication. Counsel cites our opinion in *People v. Griffin* (2022) 85 Cal.App.5th 329, 335-336 and requests we exercise our discretion under *People v. Delgadillo* (2022) 14 Cal.5th 216, 221-222 (*Delgadillo*) to

4

conduct an independent review of the record. Counsel considered two issues: (i) whether the opinion in *Vang*, *supra*, 82 Cal.App.5th 64, changes the definition of actual killer as used in the context of felony murder as set forth in section 189, subdivision (e)(1); and (ii) whether the law of the case principle precludes reconsideration of minor's petition if *Vang* did change the definition of actual killer.

We notified minor that (i) his counsel filed a brief stating no arguable issues could be found, and (ii) this court may, but is not required, to conduct an independent review of the record. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) We invited minor to file within 30 days any supplemental brief deemed necessary and cautioned that failure to timely file a supplemental brief might result in the dismissal of his appeal as abandoned. Minor did not file a brief.

Neither minor or his counsel have presented an issue and upon our review of the record, we do not find any error. Accordingly, we dismiss minor's appeal.

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____
P. J.

We concur:

McKINSTER _____
J.
CODRINGTON _____
J.

5